## Willis Hill *v.* The State.

Charge of the Court — "Adequate Cause." — In a trial for murder, the evidence showed that the defendant, immediately before he cut the deceased, was knocked to his knees by the deceased, who was the larger and stouter man of the two. The jury convicted the defendant of murder in the second degree, and assessed his punishment at the lowest penalty for

that offence. *Held*, that the evidence required not merely the general law of manslaughter to be given in charge to the jury, but also that provision of the Penal Code which declares an "assault and battery causing pain" to be adequate cause to reduce a culpable homicide from murder to manslaughter.

APPEAL from the District Court of Cass. Tried below before the Hon. B. T. ESTES.

All material facts are disclosed in the opinion.

*J. H. Henderson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The appeal in this case is from a judgment of conviction of murder in the second degree, the punishment imposed being five years' imprisonment in the penitentiary. A brief statement of the facts in the case will tend satisfactorily to illustrate the conclusions deduced from a consideration of the record.

The parties to the homicide and Jerry Rhodes, a half-brother of defendant (all colored), were returning from Mr. Carlow's, where they had skinned a beef, to the town of Douglassville in Cass County. As they were going along, appellant and Robin Carlow, the deceased, commenced, as the witness says, "frolicking" and "throwing dirt on each other." Finally Willis Hill got mad, pulled out a barlow knife, and told Robin Carlow that if he did not mind he would "cut his guts out." About this time one Joe Walker joined the party, and he gives his account of what subsequently occurred, as follows: "As we passed down the road, Willis Hill and Robin Carlow got to quarrelling and abusing each other. After they had gone some little distance, quarrelling, Willis Hill pulled out a barlow knife, and told Robin Carlow if he fooled with him he would cut his guts out. Robin Carlow replied, ' Cut, — I am not afraid of you.' This brought the parties facing each

other, each standing as if to strike each other, — Willis Hill with his knife open in his hand.   Robin Carlow struck Willis Hill with his fist; Willis fell to his knees.   Robin Carlow held his position, with his fists doubled up and drawn back, standing on the defensive.   Willis sprang up at Robin Carlow, struck at and cut him in the left side of the neck, making an ugly wound about two inches long, from which the blood flowed like water.   Robin Carlow never spoke, — staggered backwards, fell, and died almost immediately." It was in proof for the defendant that Robin Carlow was about twenty-one years old, two years older than Willis Hill, and was stronger and heavier.

Upon this evidence the learned judge presiding at the trial correctly charged the jury upon the law of murder in the first and second degrees, and after giving a definition of manslaughter, and explaining the meaning of the statutory expression " adequate cause " as used in the definition, and the other necessary constituent elements required to be ascertained and found in order to reduce a voluntary homicide from murder to manslaughter, told them that " an assault and battery so slight as to show no intent to inflict pain or injury is not sufficient." This instruction was correct so far as it went, and was in conformity with the statute.   Pasc. Dig., art. 2253.   But, under the facts as above detailed, the charge should not have stopped there ; the correlative antipode of this proposition, stated in the next succeeding article of the Code, should also have been given in charge.   In providing illustrations of what in contemplation of law would amount to " adequate cause," the statute expressly declares " that an assault and battery causing pain " * * * is adequate cause.   Pasc. Dig., art. 2254.   This issue of " pain " was directly raised by that portion of the evidence which showed that defendant was stricken by a larger and stronger man, and knocked down upon his knees, before he used his weapon and inflicted upon the deceased the wound which caused his death.

We cannot ·tell how far the jury would have been influ-
·enced in their verdict in finding manslaughter instead of
murder in the second degree, and consequently how far it
·would have lessened the punishment imposed, if this issue
·had been properly submitted. As it was, they have
inflicted the lowest penalty affixed to murder in the second
·degree (Pasc. Dig., art. 2271) ; if they had found defend-
·ant guilty of manslaughter under this appropriate instruc-
tion, the punishment might have been still further reduced
·to imprisonment not less than two years.

Defendant was entitled to have the jury charged with
the law applicable to the facts ; and because this was not
·done, the judgment is reversed and the cause remanded for
·another trial.

*Reversed and remanded.*